# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

DAVID CHARTER vs. SUPREME COUNCIL OF THE ROYAL ARCANUM. May 6, 1969. In this action of tort for negligence the defendant excepted to the denial of its motion for a directed verdict. On January 23, 1963, the plaintiff, a substitute postman, was delivering mail in a six-story office building in which the defendant owner occupied the entire second floor. The plaintiff was injured when the door of an automatically operated elevator, simultaneous with the buzzing of a button from the floor below, closed upon him as he was stepping from the elevator at the fifth floor and failed to reopen. The door had been open only four or five seconds. The decisive issue is whether the evidence warranted a finding that the operation of the door was defective, and whether the defect had existed for such a period of time that the defendant in the exercise of reasonable care should have known of it, had an opportunity to remedy it and failed to do so. There was evidence that although normally the door should remain open for one minute before it started to close, it would, for a year before the accident, start to close within one second if someone from the floor below pushed the button. There was a case for the jury.

*Exceptions overruled.*

*William H. Shaughnessy* for the defendant.
*Murray P. Reiser* for the plaintiff.

COMMONWEALTH vs. STATE AMUSEMENT CORPORATION. May 28, 1969. The defendant was found guilty in the Municipal Court and, on appeal, in the Superior Court on complaints for having in its possession and for presenting an obscene, indecent or impure motion picture film entitled "Fanny Hill Meets Dr. Erotico." The case is here on the defendant's exceptions to the denial of its motion to suppress certain evidence and the denial of its requests for certain rulings relating to obscenity. The film is obscene. Its dominant theme as a whole appeals solely to a prurient interest in sex; it is patently offensive, an affront to contemporary community standards regarding sexual matters; and it is *utterly* without redeeming social value. *Roth* v. *United States,* 354 U. S. 476. *A Book Named "John Cleland's Memoirs of a Woman of Pleasure"* v. *Attorney Gen. of Mass.* 383 U. S. 413. *Attorney Gen.* v. *A Book Named "Naked Lunch,"* 351 Mass. 298, 299. Indeed, in our opinion the film has no value. The defendant further contends that the seizure and subsequent introduction in evidence of the film violated his constitutional rights. See *A Quantity of Copies of Books* v. *Kansas,* 378 U. S. 205; *Freedman* v. *Maryland,* 380 U. S. 51. We do not agree. Here the judge had before him a detailed and accurate description of a number of scenes in the film. Thus, the report contained far more than an officer's conclusory assertions. It provided a sufficient factual basis " 'designed to focus searchingly on the question of obscenity' " and consequently conformed to the constitutional requirements. *Lee Art Theatre, Inc.* v. *Virginia,* 392 U. S. 636, 637.

*Exceptions overruled.*

*William P. Homans, Jr.,* for the defendant.
*Theodore A. Glynn, Jr.,* Assistant District Attorney, for the Commonwealth.