P. B. I. C., INC. & others vs. DISTRICT ATTORNEY OF SUFFOLK COUNTY. April 9, 1970. In this case, reserved and reported without decision by a single justice, injunctive relief is sought against prosecution of the producers and members of the cast of a performance called "Hair," for violation of G. L. c. 272, §§ 16 and 32. Declaration is sought that prosecution would contravene various constitutional provisions. Each justice participating has seen the performance at the request of the parties. One scene shows members of the cast in the nude facing the audience. One nude male performer is bathed on stage. There is incidental stage action which a jury could conclude was clowning intended to simulate sexual intercourse or deviation. This appears to be less realistic than the conduct discussed in *People* v. *Bercowitz*, 61 Misc. 2d (N. Y.) 974. The play in various respects will be offensive to some per-

---

[1] Joseph L. Murphy *vs.* Charles F. Furcolo.

sons. It constitutes, however, in some degree, an obscure form of protest protected under the First Amendment. Viewed apart from the specific incidents mentioned above, it is not lewd and lascivious, whatever other objections there may be to it. The incidents, already mentioned are separable from, and wholly unnecessary to, whatever theme this noisy, disorganized performance may have. Discretionary equitable jurisdiction, infrequently exercised, exists to restrain enforcement of an unconstitutional criminal statute or unconstitutional application of a valid statute. See *Slome* v. *Chief of Police of Fitchburg*, 304 Mass. 187, 188; *Kenyon* v. *Chicopee*, 320 Mass. 528, 531, 535. Reasonable doubts are asserted whether the statutes cited have application to dramatic performances (cf. *Re Giannini*, 69 Cal. 2d 563-577), and whether, if so applied, these statutes may be unconstitutionally vague. See *Alegata* v. *Commonwealth*, 353 Mass. 287, 293. Injunctive relief will be given, but, by analogy to the principle that he who seeks equity must do equity, the injunction, to be framed in the county court, shall be conditioned upon excision forthwith of the specified lewd features so as (a) to have each member of the cast clothed to a reasonable extent at all times, and (b) to eliminate completely all simulation of sexual intercourse or deviation. Nothing in this opinion or any injunction is to preclude prosecution for any misuse of the national flag, a matter not argued to us.

*So ordered.*

The case was submitted on briefs.

*Gerald A. Berlin, Harold Katz, Henry P. Monaghan & Alan M. Dershowitz* for P. B. I. C., Inc.

*Gael Mahony & Richard C. Minzner* for the Trustees of the Jujamcyn Theatres & another.

*Garrett H. Byrne,* District Attorney, *Joseph R. Nolan,* Assistant District Attorney, *Alvan Brody & John M. Lynch, III,* for the respondent.