COMMONWEALTH *vs.* BERNARD J. DONAHUE.   October 29, 1970.   The defendant was convicted on twenty-one complaints charging violations of G. L. c. 272, § 28A (as appearing in St. 1959, c. 492, § 2).   One complaint charged a sale of a pictorial magazine alleged to be obscene, and twenty complaints charged possession with intent to sell certain other pictorial magazines alleged to be obscene.   The complaints were tried before a judge sitting without a jury.   The defendant appealed, the case having been made subject to the provisions of G. L. c. 278, §§ 33A–33G.   The defendant has raised numerous issues.   On the view we take of the case, however, one is dispositive and we shall limit our discussion to that.   The magazines involved in this case were of the "girlie" magazine variety.   Most featured pictures of nude or semi-nude women, often focusing on their genitals.   A few had pictures of both males and females in various suggestive poses.   None of the pictures, however, explicitly portrayed copulation or other sexual congress.   As we observed in *Commonwealth* v. *Palladino, ante,* 28, 32, recent decisions of the Supreme Court in *Redrup* v. *New York,* 386 U. S. 767, *Central Magazine Sales, Ltd.* v. *United States,* 389 U. S. 50, *Schackman* v. *California,* 388 U. S. 454, and *Bloss* v. *Dykema,* 398 U. S. 278 (see *Hunt* v. *Keriakos,* 428 F. 2d 606 [1st Cir.]) "extend the protection of the First Amendment to publications . . . which, although depicting male and female nudity in sexually provocative poses, do not portray actual sexual congress or other activities commonly known as hard core pornography."   So long as these decisions stand we have no choice but to follow them.   But as we observed in the *Palladino* case, following the statement above quoted, "we are entirely in accord with the views stated by Mr. Justice Harlan in his dissent in the *Bloss* case, *supra,* in which he was of opinion that proscribing material of the sort here involved was 'the permissible exercise of state power.'"   Chief Justice Tauro did not participate in the deliberations or decision in this case.

> *Judgments reversed.*
> *Findings set aside.*
> *Judgments for the defendant.*

*Samuel J. Concemi* for the defendant.
*John N. Nestor,* Assistant District Attorney, for the Commonwealth.