COMMONWEALTH *vs.* ROBERT H. CLAFLIN.

Norfolk.    May 14, 1973. — July 11, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Obscenity.    Constitutional Law,* Due process of law, Obscenity. *Practice, Criminal,* Appeal.

G. L. c. 272, § 28A, is not unconstitutionally vague when considered in the light of judicial decisions which have rendered sufficiently definite its proscription against the sale of "obscene" material. [400-401]

The constitutional right of a person to view obscene materials privately does not imply a right in another person to sell him such materials. [401]

An issue of alleged illegality in obtaining certain evidence of scienter and consequent error in its admission in a criminal case was not open in this court on appeal where it had not been raised in the Superior Court. [401-402]

COMPLAINT received and sworn to in the District Court of East Norfolk on February 29, 1972.

Upon appeal to the Superior Court the case was heard by *Leen, J.*

*Dennis J. LaCroix* for the defendant.

*Richard A. Griffin,* Assistant District Attorney (*George G. Burke,* District Attorney, with him) for the Commonwealth.

GRANT, J.   The defendant has appealed under G. L. c. 278, §§ 33A-33G, from a judgment of conviction on a complaint framed under G. L. c. 272, § 28A (as amended through St. 1959, c. 492, § 2) which was tried without jury and which alleged that the defendant did knowingly have in his possession certain obscene magazines[1] with intent to sell the same. We confine ourselves to the questions which are open on the record and which have been argued by the defendant. Rule 1:13 of the Appeals Court.

1. The defendant argues first that § 28A[2] is unconstitutional on its face because it contains no clear standards by which obscenity may be judged. The standards by which courts are to distinguish obscenity from what is protected by the First Amendment to the Constitution of the United States need not be set out on the face of a statute such as § 28A if those standards appear in judicial decisions which authoritatively construe the statute. *Miller* v. *California,* 413 U. S. 15, 23-26 (1973). Ever since the advent of *Roth* v. *United States,* 354 U. S. 476 (1957), the Supreme Judicial Court has defined obscenity under G. L. c. 272, §§ 28A and 28C-28G, in the light of the definitions employed in the *Roth* case and in the subsequent decisions of the Supreme Court of the United States which followed in the wake of the *Roth* case. See *Commonwealth* v. *Moniz,* 338 Mass.

---

[1] "Sensuous Sinema" and "Black & White Journal."

[2] "Whoever ... sells or distributes a pamphlet ... printed paper ... or other thing which is obscene, indecent or impure, or an obscene, indecent or impure print, picture, figure, image or description ... or has in his possession any such pamphlet ... printed paper ... obscene, indecent or impure print, picture, figure, image or other thing, for the purpose of sale ... shall be punished ...."

Commonwealth *v.* Claflin.

442, 445-450 (1959); *Attorney Gen.* v. *"Tropic of Cancer,"* 345 Mass. 11, 13-21 (1962); *Attorney Gen.* v. *"John Cleland's Memoirs of a Woman of Pleasure,"* 349 Mass. 69, 71-73 (1965), revd. sub nom. *"John Cleland's Memoirs of a Woman of Pleasure"* v. *Attorney Gen. of Mass.* 383 U. S. 413 (1966); *Attorney Gen.* v. *"Naked Lunch,"* 351 Mass. 298, 299-300 (1966); *Commonwealth* v. *State Amusement Corp.* 356 Mass. 715 (1969); *Commonwealth* v. *Palladino,* 358 Mass. 28, 32 (1970); *Commonwealth* v. *Donahue,* 358 Mass. 803 (1970); *Commonwealth* v. *Bitsocos,* 361 Mass. 859 (1972).[3]

Although the *Roth* case and its progeny have often been difficult to apply in a particular case, we do not see what more could have been done to infuse definite and constitutional standards into a statute such as the one under which the defendant was convicted in this case. His argument addressed to this point must fail.[4]

2. We must also reject the argument made under the Constitution of the United States that because A has a right to view obscene materials in the privacy of his own bedroom (*Stanley* v. *Georgia,* 394 U. S. 557 [1969]), A must also have an implied right to purchase such materials and B (the defendant here) must therefore have a correlative right to sell them to A. Such an argument has recently been weighed in the balance and found wanting. *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 66, 69 (1973). *United States* v. *Orito,* 413 U. S. 139, 141, 143 (1973). *United States* v. *Twelve 200-Foot Reels of Film,* 413 U. S. 123, 126-128 (1973).

3. Finally, the defendant urges that certain evidence

---

[3] For the earlier law in Massachusetts, see *Commonwealth* v. *Isenstadt,* 318 Mass. 543, 547-561 (1945); *Attorney Gen.* v. *"Forever Amber,"* 323 Mass. 302, 306-307 (1948); *Attorney Gen.* v. *"God's Little Acre,"* 326 Mass. 281, 282-283, 284 (1950); *Attorney Gen.* v. *"Serenade,"* 326 Mass. 324, 325-326 (1950); *Commonwealth* v. *Moniz,* 336 Mass. 178, 181 (1957).

[4] The defendant has not argued that either of the magazines here in issue is not obscene within the *Roth* standards, or that his conviction was not otherwise warranted by the evidence. He has not requested an opportunity for further brief or argument since the announcement of the decisions rendered on June 21, 1973, in *Miller* v. *California,* 413 U. S. 15, and in the related cases hereinafter cited.

admitted on the issue of scienter (see *Demetropolos* v. *Commonwealth,* 342 Mass. 658, 660-661 [1961]; see also *Commonwealth* v. *Corey,* 351 Mass. 331, 332-334 [1966]; *Commonwealth* v. *Girard,* 358 Mass. 32, 35 [1970]) was illegally obtained. As no such question was raised below, either before or during trial, it is not open on appeal. *Dirring, petr.* 344 Mass. 522, 523-524 (1962). *Commonwealth* v. *Penta,* 352 Mass. 271, 276-277 (1967).[5]

*Judgment affirmed.*

---

[5] The magazines themselves, encased in sealed transparent plastic bags, were purchased by a police officer who selected them from display racks located in a public part of the defendant's store. See *Commonwealth* v. *Laudate,* 345 Mass. 169, 171 (1962), cert. dism. 372 U. S. 951 (1963). The officer was unable to observe anything except the covers and backs of the magazines until after leaving the store. The evidence now sought to be challenged consists of the officer's observations of packaging equipment and materials in the rear of the store, made on the occasion of a subsequent visit and without benefit of a search warrant. The only objection to such evidence was on grounds of relevance.