COMMONWEALTH vs. CAPRI ENTERPRISES, INC.
(and two companion cases[1]).

Suffolk.    February 5, 1974. — April 23, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & ·
WILKINS, JJ.

*Obscenity. Motion Picture. Constitutional Law,* Freedom of speech
and press. *Statute,* Construction.

For the purpose of determining obscenity, the standard of G. L. c. 272,
§ 32, is the same as that of c. 272, § 28A. [180]
Both G. L. c. 272, § 28A, and § 32, lack the specific description of sexual
conduct required under *Miller* v. *California,* 413 U. S. 15 (1973), and,
in the absence of authoritative judicial construction providing such
specificity, are unconstitutionally vague. [180] HENNESSEY and
KAPLAN, JJ., concurring; BRAUCHER, J., with whom REARDON and
QUIRICO, JJ., join, dissenting.

THREE INDICTMENTS found and returned in the Superior
Court on September 7, 1973.

The cases were tried before *Roy,* J.

*Morris M. Goldings* for the defendants.

*Timothy P. O'Neill,* Assistant District Attorney, for the
Commonwealth.

WILKINS, J.   The corporate defendant and the individ-
ual defendant were indicted under G. L. c. 272, § 28A, for
knowingly having in their possession on August 30, 1973, for
the purpose of exhibition, an "obscene, indecent and
impure motion picture film entitled 'The Devil In Miss
Jones.' " The corporate defendant was also indicted under
G. L. c. 272, § 32, for knowingly showing "a lewd, obscene,

---

[1] The companion cases are Commonwealth *vs.* Aristedes C. Poravas and
Commonwealth *vs.* Capri Enterprises, Inc.

indecent, immoral and impure show and entertainment by presenting and exhibiting a motion picture film entitled "The Devil In Miss Jones.' " The judge charged the jury on the basis of the constitutional standard set forth in *Miller* v. *California*, 413 U. S. 15 (1973). The defendants were found guilty on each indictment. Each defendant was fined $5,000 on the § 28A indictments and the individual defendant was sentenced to two and one-half years in the house of correction. The indictment under G. L. c. 272, § 32, was filed. The cases are before us on the defendants' appeals under G. L. c. 278, §§ 33A-33G.

Although the defendants have argued numerous assignments of error, we need not deal with most of them. Our decision in *Commonwealth* v. *Horton, ante*, 164, decided this day, indicates that G. L. c. 272, § 28A, is unconstitutionally vague under the standard of the *Miller* case. The verdict under G. L. c. 272, § 32, may not stand because § 32 is subject to the same constitutional infirmities as is § 28A. Our decisions construing § 32 have not given specificity to the general prohibition of § 32. We have suggested that the standard of § 32 is the same as that of § 28A for the purpose of determining obscenity (*Commonwealth* v. *Moniz*, 338 Mass. 442 [1959]), and have in effect given to § 32 a scope of application as broad as has been constitutionally permissible under the First Amendment to the Constitution of the United States. See *P. B. I. C. Inc.* v. *District Atty. of Suffolk County*, 357 Mass. 770 (1970). Section 32, therefore, fails to meet the standard of specificity required by the *Miller* decision, and for the same reasons expressed in our decision in the *Horton* case, *ante*, 164, we decline to reinterpret § 32 to provide judicially the description of specific sexual conduct which must exist to satisfy First Amendment requirements as now defined.

*Judgments reversed and verdicts set aside.*

HENNESSEY, J. (concurring). I concur in the result and reasoning of the court's opinion, since I agree that we should apply the same constitutional consideration to G. L. c. 272, § 32, as we applied to G. L. c. 272, § 28A, in

*Commonwealth* v. *Horton, ante,* 164. I would also incorporate here the comments in my concurring opinion in the *Horton* case.

KAPLAN, J., concurring, refers to his concurring opinion in *Commonwealth* v. *Horton, ante,* 164.

BRAUCHER, J. (dissenting, with whom Reardon and Quirico, JJ., join). According to the court's opinion in *Commonwealth* v. *Horton, ante,* 164, *Miller* v. *California,* 413 U. S. 15 (1973), reduces the area of First Amendment protection in the field of obscenity. Perversely, however, this development is held to render invalid applications of the Massachusetts obscenity statutes which would have been valid before the *Miller* case. The *Miller* decision, it is said, renders our statutes unconstitutionally vague. In effect (with an inexplicable exception for material "harmful to minors"), the Commonwealth now has no operative obscenity statutes. We disagree.

The court holds our statutes deficient with respect to only one element of the *Miller* standard: "The applicable State law, 'as written or authoritatively construed,' must specifically define the sexual conduct whose depiction or description is interdicted." Before the *Miller* case was decided, we had limited the operation of the Massachusetts statutes on the subject to portrayal of "actual sexual congress or other activities commonly known as hard core pornography." *Commonwealth* v. *Palladino,* 358 Mass. 28, 32 (1970). *Commonwealth* v. *Donahue,* 358 Mass. 803 (1970). *Commonwealth* v. *Bitsocos,* 361 Mass. 859 (1972). See *Commonwealth* v. *Claflin,*       Mass. App. Ct.       , (1973).[a] So limited, the statutes, as "authoritatively construed," contain the necessary reference to specifically defined sexual conduct. Within the limits set by our past decisions, the *Miller* case and its companions established no new constitutional obstacles. The Supreme Court of the United States now construes Federal obscenity statutes so

[a] 298 N. E. 2d 888, 889.

as to conform to the *Miller* standard. *United States* v. *12 200-Ft. Reels of Super 8 MM. Film*, 413 U. S. 123, 130, fn. 7 (1973). It clearly indicates that "existing state statutes, as construed heretofore or hereafter, may well be adequate." *Miller* v. *California*, 413 U. S. at 24, fn. 6. We should follow the lead of the Supreme Court of the United States and construe our Massachusetts statutes to conform to the *Miller* standard.

The opinion of the court does not discuss the specific results they are reaching in the name of "freedom of speech" and the need for "guidance" to our citizens. We think some elaboration is needed. The defendants were convicted of possessing an obscene motion picture film for the purpose of exhibition after the jury had been fully instructed on the basis of the *Miller* standard. We have viewed the film. After an opening scene in which the heroine commits suicide by slashing her wrists with a razor blade while in a bathtub, most of the film consists of a portrayal of her education in lust during an interval before she is to spend eternity in Hell. The scenes include her anal stimulation by a man with an artificial male organ, coitus and oral and anal copulation with the man, mutual masturbation and oral copulation with another woman, masturbation with fruit, with a snake, and with a hose, simultaneous oral copulation of two women with a man, simultaneous coitus and anal copulation by two men with the heroine, and finally, presumably in Hell, her unsuccessful attempts at seduction and masturbation in front of a disinterested man. The portrayal is explicit and detailed; the accompanying dialogue is explicitly and vulgarly anatomical.

The court indicates that a statute referring to obscene pictures gives no guidance as to the status of the motion picture film involved in this case. The intimation is that an exhibitor might not know whether the film is obscene or not. An "expert" called by the defendant proposed to testify that the film was "a very interesting religious parable." We think, however, that with or without such expert help a jury could properly find that the film was hard

core pornography and therefore obscene. Such a finding would not come as a surprise to any competent adult.

Since the court does not discuss other issues raised by the defendant, we do not consider them.