CITY OF REVERE vs. ALFONSO AUCELLA & another[1]
(and a companion case[2]).

Suffolk. September 18, 1975. — December 3, 1975.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Open and Gross Lewdness and Lascivious Behavior. Alcoholic Liquors,* Alcoholic Beverages Control Commission. *License. Regulation. Public Entertainment. Revere. Municipal Corporations,* By-laws and ordinances. *Constitutional Law,* Due process of law, Public entertainment, Home Rule Amendment. *Jurisdiction, Civil,* Criminal prosecution, Criminal acts.

The provision of G. L. c. 272, § 16, for punishment of one who is guilty of "open and gross lewdness and lascivious behavior" is vague and overbroad and unconstitutional where there is no imposition of lewdness or lascivious behavior on an unsuspecting or unwilling person. [142-143]

An ordinance of a city promulgating regulations forbidding sexually explicit conduct and visual displays thereof in premises licensed under G. L. c. 140, § 181 or § 183A, to sell alcoholic beverages in their establishments is not "invalid and null and void" on the ground that regulations of the Alcoholic Beverages Control Commission have preempted the field. [143-146] KAPLAN, J., with whom TAURO, C.J., joined, dissenting.

An ordinance of a city promulgating regulations forbidding sexually explicit conduct and visual displays thereof in premises licensed under G. L. c. 140, § 181 or § 183A, to sell alcoholic beverages in their establishments, directly enforceable only by fines, is not "inconsistent" with the authority granted to local licensing authorities by G. L. c. 138, §§ 1, 12, 23, and c. 140, §§ 1, 183A, to prescribe "reasonable requirements" and "terms and conditions" of the licenses, and is within the powers granted to the city by § 6 of the Home Rule Amendment, art. 89 of the Amendments to the Massa-

---

[1] Charger Investments, Inc.

[2] Charger Investments, Inc. vs. Chief of Police of the City of Revere & another.

chusetts Constitution, and by the Home Rule Procedures Act, G. L. c. 43B, § 13. [146] KAPLAN, J., with whom TAURO, C.J., joined, dissenting.

An ordinance of a city promulgating regulations forbidding sexually explicit conduct and visual displays thereof in premises licensed under G. L. c. 140, § 181 or § 183A, to sell "alcoholic beverages to be served and drunk on the licensed premises," and forbidding conduct therein forbidden by some other law or ordinance, is not unconstitutional on its face. [146] KAPLAN, J., with whom TAURO, C.J., joined, dissenting.

The city of Revere was not entitled to maintain a civil action to enjoin the manager of a corporation, and the corporation, which held an alcoholic beverage license under G. L. c. 138, and was licensed under c. 140, § 183A, to provide entertainment in its establishment, from violations of regulations promulgated by ordinance forbidding sexually explicit conduct and visual displays thereof in such establishments; the city's remedy for the violations was in the express provision of the ordinance and in G. L. c. 40, § 21, for a fine of not more than $50 for each offense. [146-147]

TWO CIVIL ACTIONS commenced, respectively, in the Superior Court on July 29, 1974, and in the Supreme Judicial Court for the county of Suffolk on August 21, 1974.

On transfer of the second case to the Superior Court, the cases were consolidated and heard by *Brogna,* J., on statements of agreed facts.

The Supreme Judicial Court granted a request for direct appellate review.

*Vincent A. Canavan,* City Solicitor (*William M. Appel,* Special Assistant City Solicitor, with him) for the city of Revere.

*Morris M. Goldings* for Alphonso Aucella & another.

BRAUCHER, J. These cases test the constitutionality of G. L. c. 272, § 16, prohibiting "open and gross lewdness and lascivious behavior," as applied to a nude "Go-Go" dancer in a bar. They also test the power of a city, by ordinance, to regulate such conduct. We hold that the statute is unconstitutional. *P.B.I.C., Inc.* v. *Byrne,* 313 F. Supp. 757 (D. Mass. 1970), vacated to consider mootness, 401 U.S. 987 (1971). The ordinance, however,

is within the powers granted to the city by the Home
Rule Amendment, Mass. Const. amend. art. 89, § 6, and
the Home Rule Procedures Act, G. L. c. 43B, § 13, and
is not on its face inconsistent with our Constitution or
laws. We decide no question as to the validity or appli-
cation of the ordinance in any particular circumstances.
Compare *Boston Licensing Bd.* v. *Alcoholic Beverages
Control Comm'n,* 367 Mass. 788 (1975), with *Norcisa* v.
*Selectmen of Provincetown,* 368 Mass. 161 (1975).

1. *The cases.* The city of Revere sued Charger Invest-
ments, Inc. (Charger), doing business as "The Squire,"
and its manager in the Superior Court to enjoin them
from violating Revere Revised Ordinances c. 13, art. 3
(1972) (the ordinance).[3] A preliminary injunction was
denied. Later Charger, a successor manager and one of

---

[3] Revere Revised Ordinances c. 13, art. 3, § 13-26 through § 13-29
(1972), reads as follows:
"Sec. 13-26. Generally. The following acts or conduct in or on
premises licensed in accordance with the General Laws, chapter 140,
section 181 or 183A are deemed contrary to the public need and to
the common good and therefore no license shall be held for the sale
of alcoholic beverages to be served and drunk on the licensed
premises where such acts or conduct are permitted.
"(a) It is forbidden to employ or permit any person in or on the
licensed premises while such person is unclothed or in such attire as to
expose to view any portion of the areola of the female breast or any
portion of the pubic hair, cleft of the buttocks, or genitals.
"(b) It is forbidden to employ or permit any hostess or other person
to mingle with the patrons while such hostess or other person is
unclothed or in such attire as described in paragraph (a) above.
"(c) It is forbidden to encourage or permit any person in or on the
licensed premises to touch, caress or fondle the breasts, buttocks or
genitals of any other person.
"(d) It is forbidden to employ or permit any person to wear or use
any device or covering exposed to view which simulates the breasts,
buttocks, pubic hair or genitals or any portions thereof.
"(e) It is forbidden to employ or permit any person in or on the
licensed premises to perform an act or acts, or to simulate the act or
acts, of:
"(1) Sexual intercourse, masturbation, sodomy, flagellation or any
sexual acts prohibited by law;
"(2) Touching, caressing or fondling of the breasts, buttocks or
genitals of another.

its entertainers sued the city and its chief of police in the Supreme Judicial Court for the county of Suffolk to enjoin them from enforcing the ordinance and G. L. c. 272, § 16. A single justice of this court issued a temporary restraining order and transferred the action to the Superior Court. The two actions were consolidated, and were submitted on statements of agreed facts. The judge made findings, rulings and an order for judgment, and judgments were entered dismissing the first action with prejudice, declaring the statute unconstitutional and the ordinance invalid, and enjoining their enforcement. The city and the chief of police appealed.

2. *The facts.* We summarize the agreed facts. Charger has an alcoholic beverage license under G. L. c. 138 and is licensed under G. L. c. 140, § 183A, to provide entertainment in its eating and drinking establishment, and since 1973 has conducted public shows and sold and served alcoholic beverages to be drunk on the licensed premises. The ordinance in question was passed by the city council and signed by the mayor in March, 1974, and was published in a newspaper in the city on April 3, 1974.

The conduct in issue consists of individual female dancers performing to the accompaniment of rock and roll music, both from phonograph records and from a live band. Each of the dancers, including one of the

---

"Sec. 13-27. Visual displays. It is forbidden to employ or permit any person in or on the licensed premises to show motion picture films, television type cassettes, still pictures or other photographic reproductions depicting any of the acts, or any simulation of any of the acts, prohibited in section 13-26.

"Sec. 13-28. Violation of other laws. Notwithstanding any of the foregoing, no person duly licensed by the licensing board for the city under General Laws, chapter 140, section 181 or section 183A and/or chapter 138, sections 1, 12 or 23 shall employ, use the services of or permit upon his licensed premises any employee, entertainer or other person who by his or her attire or conduct violates any General Laws, Special Act, or ordinance of the city.

"Sec. 13-29. Effective date. The foregoing amendments shall take effect on March 15, 1974."

plaintiffs in Charger's action, removes her clothing while dancing, with the result that she is completely unclothed so as to expose to the view of the customer-consumer all or part of the areas of her body referred to in the ordinance. At no time do the entertainers perform together in proximity with each other. The patrons are charged no admission or cover charge, and are free to leave at any time during any performance without charge other than for the food or drink consumed. A sign located outside the premises bears the word "Entertainers" and the silhouette of a dancing girl.

Beginning in July, 1974, the city brought multiple prosecutions against Charger and its manager and assistant managers for violations of the ordinance, which resulted in convictions and appeals to the Superior Court. Additional prosecutions of its entertainers for violations of G. L. c. 272, § 16, were continued to dates in October, 1974. Further prosecution was enjoined September 17, 1974.

3. *Lewdness.* The judge ordered a declaration that "the wording of G. L. c. 272, § 16, reading 'who is guilty of open and gross lewdness and lascivious behavior' is unconstitutional," and enjoined the arrest and prosecution of Charger and its coplaintiffs and employees for violation of that statute. With a minor modification we approve that part of the judgment on the ground stated by the judge, that the part of the statute applicable to this case is "too vague and overbroad for the purpose of imposing criminal liability." Cf. *Commonwealth* v. *Horton,* 365 Mass. 164, 172 (1974), holding unconstitutional G. L. c. 272, § 28A, as to "obscene, indecent or impure" magazines; *Commonwealth* v. *Capri Enterprises, Inc.,* 365 Mass. 179, 180 (1974), holding unconstitutional G. L. c. 272, § 32, as to a "lewd, obscene, indecent, immoral and impure" motion picture film; *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 587 (1975), holding unconstitutional G. L. c. 272, § 53, as to "idle and disorderly persons," when applied to speech or ex-

pressive conduct. Section 16 was held unconstitutional as applied to a theatrical production in *P.B.I.C., Inc.* v. *Byrne,* 313 F. Supp. 757 (D. Mass. 1970), vacated to consider mootness, 401 U.S. 987 (1971). Like the judge, we do not pass on the application of the statute to the imposition of lewdness or nudity on an unsuspecting or unwilling person. Cf. *Commonwealth* v. *Dickinson,* 348 Mass. 767 (1964); *Commonwealth* v. *Cummings,* 273 Mass. 229, 231 (1930). We sanctioned an injunction against prosecution of entertainers under the same statute in *P.B.I.C., Inc.* v. *District Attorney of Suffolk County,* 357 Mass. 770 (1970). Cf. *Doran* v. *Salem Inn, Inc.,* 422 U.S. 922, 932-933 (1975). Multiple prosecutions make it clear that Charger could not eliminate the threat to its constitutional rights by defending against a single criminal prosecution. Cf. *Norcisa* v. *Selectmen of Provincetown,* 368 Mass. 161, 171 (1975); *Kenyon* v. *Chicopee,* 320 Mass. 528, 535 (1946); *Byrne* v. *Karalexis,* 401 U.S. 216, 220 (1971).

4. *Validity of the ordinance.* The judge found and ruled that the enactment of the ordinance was procedurally proper, but ordered that it be declared "invalid and null and void" on two grounds. First, the power to promulgate such regulations has been granted to the Alcoholic Beverages Control Commission; the field has thus been preempted, and cities and towns may not interfere. Second, the ordinance prescribes new terms and conditions on which licenses shall be revoked or denied; if any local agency has the power to make such regulations, it is the Revere licensing board and not the Revere city council.

We rejected the first ground in *Boston Licensing Bd.* v. *Alcoholic Beverages Control Comm'n,* 367 Mass. 788, 794-796 (1975). The second ground, however, requires an examination of the Home Rule Amendment, art. 89 of the Amendments to the Constitution of Massachusetts, and the respective statutory powers of the city council and the city licensing board. We begin with the Con-

stitution, which authorizes the ordinance unless it exercises a power or function which is "inconsistent with the constitution or laws enacted by the general court" or is "denied, either expressly or by clear implication, to the city or town by its charter."[4]   The same broad authority, with the quoted limitations, also appears in G. L. c. 43B, § 13 (as appearing in St. 1966, c. 734, § 1).   Cf. G. L. c. 40, §§ 1, 21.   Our attention has not been directed to any relevant provision of the city charter, so the question is whether the ordinance is "inconsistent with the constitution or laws."   See *Bloom* v. *Worcester*, 363 Mass. 136, 155-157 (1973).

Apart from the laws pertaining to the Alcoholic Beverages Control Commission, Charger's argument as to inconsistent laws rests on G. L. c. 138, §§ 1, 12, 23, and G. L. c. 140, §§ 1, 183A, authorizing local licensing boards to prescribe "reasonable requirements" and "terms and conditions" of the licenses in question.   That authority, Charger argues, is "inconsistent" with a grant of the same authority to the mayor and the city council, citing *Mosey Cafe, Inc.* v. *Licensing Bd. of Boston*, 338 Mass. 199 (1958), and *Mosey Cafe, Inc.* v. *Mayor of Boston*, 338 Mass. 207 (1958).   We are inclined to agree that the local licensing board derives its authority directly from the Commonwealth and cannot be controlled in its exercise by local ordinances.   See *McDonald* v. *Superior Court*, 299 Mass. 321, 324 (1938).

That does not end the matter, however.   In *Bloom* v. *Worcester*, 363 Mass. 136, 156 (1973), we said:   "If the

---

[4] Article 89, § 6, reads: "*Governmental Powers of Cities and Towns.*   Any city or town may, by the adoption, amendment, or repeal of local ordinances or by-laws, exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court in conformity with powers reserved to the general court by section eight, and which is not denied, either expressly or by clear implication, to the city or town by its charter.   This section shall apply to every city and town, whether or not it has adopted a charter pursuant to section three."

State legislative purpose can be achieved in the face of a local ordinance or by-law on the same subject, the local ordinance or by-law is not inconsistent with the State legislation, unless the Legislature has expressly forbidden the adoption of local ordinances and by-laws on that subject." We there quoted a statement that in the absence of clear statutory limitation a municipality may act "unless the state legislation so broadly encompasses the field as to indicate a clear intention to preempt the matter as an area of complete state concern . . .." *Id.* at 156 n.15, quoting from E.A. Gere & M.P. Curran, Home Rule (Bureau of Pub. Affairs, Boston College and Bureau of Gov't Research, Univ. of Mass.) 36. See *Lancaster* v. *Municipal Court for the Beverly Hills Judicial Dist. of Los Angeles County,* 6 Cal. 3d 805, 808 (1972).

The State legislation in issue here is not so broadly encompassing. Local licensing boards have power to make regulations governing the conduct of the licensed business, and to modify, suspend, revoke or cancel licenses in order to enforce their regulations. G. L. c. 138, § 23; c. 140, § 183A. Violations of the regulations may be punished by fine and imprisonment. G. L. c. 138, § 62; c. 140, § 183C. But the responsibilities of the licensing authorities are limited to licensing. Even as to licensees, criminal enforcement of regulations of local authorities is the responsibility of others, and there is no provision for enforcement against employees, patrons and others who are not licensees. Although the challenged ordinance is phrased in terms forbidding the holding of a license, it is directly enforceable only by fines; it does not, and indeed could not, make provision for the modification, suspension, revocation or cancellation of any license. The municipal authorities other than the licensing board are not barred from dealing with "the maintenance of the peace and good order" in the city even though statutory provision exists for some matters within the purview of the ordinance. *Commonwealth* v. *Baronas,* 285 Mass. 321, 323 (1934). See *Commonwealth*

v. *Wolbarst,* 319 Mass. 291, 294 (1946); *People* v. *Mueller,* 8 Cal. App. 3d 949, 954 (1970); *Cranberry Lake Quarry Co.* v. *Johnson,* 95 N.J. Super 495, 509 (App. Div. 1967). Although we have held G. L. c. 272, § 16, unconstitutional, it seems clear that the Legislature did not regard its application to conduct in licensed premises as inconsistent with the licensing system. We conclude that the ordinance is not "inconsistent with . . . laws enacted by the general court."

5. *Constitutional questions.* We read § 13-26 of the ordinance[5] as applying only to "licensed premises" subject to a license "for the sale of alcoholic beverages to be served and drunk on the licensed premises" as well as to a license "in accordance with Chapter 140, Sec. 181 or Sec. 183A." We read § 13-27 as similarly limited, and we read § 13-28 as forbidding nothing which is not forbidden by some law or ordinance other than that section. So read, the ordinance is not unconstitutional on its face. *California* v. *LaRue,* 409 U. S. 109 (1972). See *Boston Licensing Bd.* v. *Alcoholic Beverages Control Comm'n,* 367 Mass. 788, 793-794 (1975). Contrast *Salem Inn, Inc.* v. *Frank,* 522 F. 2d 1045, 1049 (2d Cir. 1975). As in the *Boston Licensing Bd.* case, we think we should not anticipate constitutional and other questions which may arise from particular applications of the ordinance.

6. *Enforcement by injunction.* Both by statute and by express provision of the Revere ordinances, violation of the ordinance is punishable by a fine of not more than $50 for each offense. G. L. c. 40, § 21. Revere Rev. Ordinances § 1-17 (1972). The ordinances provide that each day any violation continues constitutes a separate offense, but the city contends that the statutory fine is so low as, in effect, to be a "business expense" for a bar providing entertainment in violation of the ordinance, "a

---

[5] See note 3 *supra.*

cheap license fee" easily covered by a modest increase in the charge for each drink. Therefore, it says, to make the ordinance "meaningful," equitable relief is called for. In the absence of express statutory authority, equitable relief is not ordinarily available to restrain violations of criminal statutes. See *Massachusetts Soc'y of Optometrists* v. *Waddick,* 340 Mass. 581, 585 (1960); *Commonwealth* v. *Stratton Fin. Co.,* 310 Mass. 469, 474 (1941); J.R. Nolan, Equitable Remedies § 36 (1975). Cf. *Norcisa* v. *Selectmen of Provincetown,* 368 Mass. 161, 167 (1975). We think that we should not sanction equitable relief as a means of circumventing the limitations placed by the Legislature on the punishment for violation of a city ordinance. The city's remedy for violations of the ordinance is clearly prescribed. We do not now undertake to consider what steps, if any, the city may take if that remedy is ineffective.

7. *Conclusion.* The judgment dismissing the city's action with prejudice is affirmed. The judgment in Charger's action is vacated and the case is remanded to the Superior Court, where a new judgment is to be entered (1) declaring that the wording of G. L. c. 272, § 16, reading "who is guilty of open and gross lewdness and lascivious behavior," is unconstitutional where there is no imposition of the behavior on an unsuspecting or unwilling person, (2) declaring that art. 3 of c. 13 of the Revere Revised Ordinances is not invalid on its face, without prejudice to any question which may arise in a prosecution for a particular violation of the ordinance, and (3) enjoining the defendants from arresting or prosecuting the plaintiffs or the employees of Charger for violation of G. L. c. 272, § 16, in circumstances in which the statute has thus been declared unconstitutional.

*So ordered.*

KAPLAN, J. (dissenting in part with whom TAURO, C.J., joins). I believe the city council should be held to be without power to enact this ordinance. It is aimed at controlling the manner of carrying on a licensed business. That subject matter has been confided by a comprehensive State statute to a local licensing board and the Alcoholic Beverages Control Commission.

Immediately suggestive of a trespass by the city council on the province of the local board and State commission is the fact that § 13-26 of the ordinance states that "no license shall be held for the sale of alcoholic beverages to be served and drunk on the licensed premises where . . . [the listed] acts or conduct are permitted." Then we have the more striking fact that the ordinance is nearly the same word for word as the regulations which were promulgated by the Boston licensing board and were found by this court to be within the subject matter competence of that local board for the very reason, as we said, that they were in the scope of "'reasonable requirements' with respect to 'the conduct of business by any licensee.'" *Boston Licensing Bd.* v. *Alcoholic Beverages Control Comm'n*, 367 Mass. 788, 795 (1975), quoting from G. L. c. 138, § 23, as amended through St. 1971, c. 477, § 3. The prohibitions of the ordinance, like those of the regulations in the *Boston* case, are directed solely against the management with respect to conditions on the licensed premises; the ordinance does not forbid or punish any act by employees, patrons, or performers. Violations of the ordinance by the licensee are punishable by fine; so also violation of license regulations may result in a fine. See G. L. c. 138, § 62.[1] So it seems to me that to uphold the authority of the city council to enact the present

---

[1] Violation of a license regulation may result in the modification, suspension, revocation, or cancellation of a license, see G. L. c. 138, § 64, whereas violation of the ordinance does not have that effect unless, indeed, § 13-26 of the ordinance is read in an imperative way. The record suggests, however, that the city council may seek to use

ordinance is to validate the exercise of redundant and "inconsistent" power by the council against the intent of the Home Rule Amendment.

In this light it is perhaps unnecessary to point out that the ordinance interferes with that interaction and balancing of local and State policies envisaged by the State statute. If a licensee is aggrieved by the action of the local board in modifying, suspending, revoking, or cancelling his license as a result of a violation of license regulations, he may appeal to the commission; if the commission disapproves of the action it can remand the matter to the local board for further action; and if the local board fails to take the action recommended by the commission, the licensee may appeal again to the commission, which can then, after hearing, within certain limits issue a final decision. See G. L. c. 138, § 67. The ordinance is disruptive of this scheme of adjustment and in this sense, also, is "inconsistent."

The conclusion of a lack of power in the city council is reinforced when we consider that the ordinance enters the field of censorship. For this a quite clear warrant of authority to legislate should be demanded. I do not think the city council can make the required showing.

But if the ordinance is not unauthorized for the reasons given, I would still hold it to be unconstitutional on its face as to its substance (a claim not disposed of in the Boston case). The case of *California* v. *LaRue*, 409 U. S. 109 (1972) (a six to three decision), may go far to foreclose a claim to that effect under the Federal Constitution, but as I suggested, concurring in *Commonwealth* v. *Horton*, 365 Mass. 164, 177 (1974), our own Declaration of Rights remains as an additional safeguard of the civil rights. On grounds of "overbreadth," if nothing else, the ordinance seems to me offensive to the

---

the violation of the ordinance (and, presumably, the declaration of § 13-26) as means of exerting pressure on the local board to take action against the license.

guaranty of art. 16.   Cf. Marshall, J., dissenting in the *LaRue* case, 409 U. S. at 123; *Salem Inn, Inc.* v. *Frank,* 522 F. 2d 1045 (2d Cir. 1975).