ARISTOCRATIC RESTAURANT OF MASSACHUSETTS, INC. vs.
ALCOHOLIC BEVERAGES CONTROL COMMISSION (No. 2).

Suffolk. December 7, 1977. — March 3, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Alcoholic Beverages Control Commission. Prostitution,* Maintaining
premises for. *Due Process of Law,* Vagueness of statute.

A regulation of the Alcoholic Beverages Control Commission forbidding
a licensee to permit any "illegality of any kind to take place in or on
the licensed premises" was not unconstitutionally vague. [566] LIA-
COS, J., concurring.
In an action challenging a decision of the Alcoholic Beverages Control
Commission suspending the plaintiff's license to serve alcoholic bever-
ages for violating G. L. c. 272, § 26, the plaintiff had no standing to
argue that the statute was vague as applied to others, was overbroad as
an infringement on First Amendment rights, or infringed on any rights
protected by art. 16 of the Massachusetts Declaration of Rights. [566-
567]
General Laws c. 272, § 26, which makes it a crime if "any person owning,
managing or controlling . . . [a licensed establishment, as defined in
c. 138, § 1] induces or knowingly suffers any person to resort to, or be
in such place for the purpose of immoral solicitation or immoral bar-
gaining," was not unconstitutionally vague as applied to a licensee
who knowingly permitted an employee to offer a patron sexual favors
in exchange for the purchase of alcoholic beverages. [567-568] LIA-
COS, J., concurring.

CIVIL ACTION commenced in the Superior Court on Au-
gust 21, 1975.

A motion for summary judgment was heard by *Mc-
Naught,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Morris M. Goldings* for the plaintiff.

*Thomas Miller,* Assistant Attorney General, for the de-
fendant.

374 Mass. 564                                                565

Aristocratic Restaurant etc. v. Alcoholic Bev. Control Comm'n (No. 2).

WILKINS, J.   The appellant in this case (Aristocratic) is the same entity whose appeal we decided today in *Aristocratic Restaurant of Mass., Inc.* v. *Alcoholic Beverages Control Comm'n (No. 1), ante* 547 (1978). In this appeal, also under G. L. c. 30A, § 14, Aristocratic challenges the commission's twenty-day suspension of its license to sell alcoholic beverages at the same premises involved in Aristocratic's other appeal. The procedural course of this appeal through the Superior Court to this court is the same as that of the other appeal decided today.

1. The commission suspended Aristocratic's license for five of the twenty days for violation of Regulation Thirteenth of the Boston Licensing Board (Regulation 13). The same arguments are advanced here, as in the previous appeal, concerning (a) the unconstitutionality of Regulation 13, (b) the commission's lack of jurisdiction to enforce Regulation 13, and (c) inadequacy of notice of the charges against Aristocratic. We decided these points adversely to Aristocratic in our other opinion and need not discuss them further here. In addition, the record discloses substantial evidence to support the commission's finding that Aristocratic violated Regulation 13.

2. Fifteen days of the twenty-day suspension were based on the commission's finding that Aristocratic violated the commission's Regulation 21[1] by, in turn, violating G. L. c. 272, § 26. Section 26 of G. L. c. 272, as amended through St. 1962, c. 224, in relevant part, makes it a crime if "any person owning, managing or controlling . . . [a licensed establishment, as defined in G. L. c. 138, § 1] induces or knowingly suffers any person to resort to, or be in such place for the purpose of immoral solicitation or immoral bargaining."

Aristocratic argues that the word "illegality" in Regulation 21 and the words "immoral solicitation or immoral bar-

---

[1] Regulation 21 does not appear in the record appendix in this appeal. From the earlier appeal, we are aware that Regulation 21 forbids a licensee to permit any "illegality of any kind to take place in or on the licensed premises."

566                                         374 Mass. 564

Aristocratic Restaurant etc. *v.* Alcoholic Bev. Control Comm'n (No. 2).

gaining" in G. L. c. 272, § 26, are unconstitutionally vague. We are confident that a person of ordinary intelligence would have no difficulty in understanding that the word "illegality" in Regulation 21 means any violation of any statute or regulation having the force of law.

Before further discussion of Aristocratic's claim that fifteen days of its suspension must be set aside, we shall set forth the facts found by the commission concerning the alleged violation of G. L. c. 272, § 26. These facts appear in a statement of reasons filed by the commission on July 24, 1975, the day of the hearing, and they support the commission's finding that Aristocratic violated commission Regulation 21 and G. L. c. 272, § 26.

On the night of April 15, 1975, investigators of the commission entered the licensed premises. A female dancer approached them and asked for a drink which they ordered and paid for at the bar. The dancer then took the left hand of one of the investigators and placed it between her thighs. She then placed her hand "on one of the investigators crotch and rubbed his private parts." As they continued drinking, she moved his hand between her legs. She then said, "If you want a real good time, buy me a bottle of champagne," and stated that, if he purchased a bottle of champagne for $18, "we can go down back in a booth." The dancer and the investigator went to a back booth where, after he paid for the champagne, she again placed his hand between her thighs and her hand on his groin. Shortly, she excused herself and went on the stage to dance. Later, she returned to the booth, finished the champagne, and asked the investigator to purchase another bottle. He said he had no more money, and she immediately left the booth. Although the commission did not so find, the evidence indicated that everything which occurred was in full view of other customers on the premises.[2]

---

[2] The commission may have made an indirect finding to this effect by dismissing a charge of inadequate lighting on the premises.

For the reasons stated in *Aristocratic Restaurant of Mass., Inc.* v. *Alcoholic Beverages Control Comm'n (No. 1), supra* at 556, Aristocratic has no standing to argue either that G. L. c. 272, § 26, is vague as applied to others or that it is overbroad because it infringes First Amendment rights. Also, for the reasons expressed in that opinion, Aristocratic has no standing to argue that § 26 infringes improperly on any rights of free speech protected by art. 16 of the Declaration of Rights of the Constitution of the Commonwealth, as amended by art. 77 of the Amendments. *Id.*

We, therefore, test Aristocratic's argument that § 26 denies it due process of law, because of its unconstitutional vagueness, by determining whether Aristocratic and the enforcing authorities had adequate guidance that the dancer's conduct was in violation of the statute. *Id.* at 552-553. *Commonwealth* v. *Jarrett,* 359 Mass. 491, 496-497 (1971). In its reply brief, Aristocratic acknowledges that the Commonwealth properly could regulate various activities on licensed premises, such as the solicitation for prostitution and other "illegal sexual intercourse, including manual masturbatory acts." The only question here is whether Aristocratic had fair warning that it was illegal knowingly to permit ("suffer") its employee to act as she did.[3]

The authorities on which Aristocratic relies in arguing that § 26 is unconstitutionally vague are not supportive of its claim. In *Revere* v. *Aucella,* 369 Mass. 138, 142-143 (1975), we struck down a criminal statute on vagueness and overbreadth grounds, but there, unlike this case, constitutional rights of free speech were involved. In 1974, we declined to reconstrue particular statutory language to conform to the Supreme Court's then new views on obscenity expressed in *Miller* v. *California,* 413 U.S. 15 (1973). See *Commonwealth* v. *Horton,* 365 Mass. 164 (1974); *Commonwealth* v. *Capri Enterprises, Inc.,* 365 Mass. 179 (1974). Although First Amendment rights were involved in those cases, we

---

[3] Aristocratic makes no claim that it did not know what its entertainer was undertaking and did.

568                                              374 Mass. 564

Aristocratic Restaurant etc. *v.* Alcoholic Bev. Control Comm'n (No. 2).

recognized that, even so, we had the authority constitutionally to adopt a limited and saving construction of our obscenity statutes in order to avoid problems of overbreadth. *Commonwealth* v. *Horton, supra* at 167-168. In the *Horton* case, however, we made it clear that, as a matter of judicial choice, we would not save our obscenity statutes, which in effect had at their foundations nothing more permanent or precise than the shifting views of a majority of the Justices of the United States Supreme Court. *Id.* at 169 n.9, 171. No such ambiguity or uncertainty as once characterized our obscenity statutes exists in the case before us. As a general practice, we have favored saving constructions of statutes, ones which interpret statutes to avoid uncertainty as to their meaning. See *Commonwealth* v. *Balthazar,* 366 Mass. 298, 301-302 (1974).

The words "immoral solicitation or immoral bargaining," although the product of a 1915 statute (St. 1915, c. 180, § 3), have the imprecision of a Victorian euphemism. The full range of these words is unclear; more informative language advantageously could be substituted for them. But a statute is not unconstitutionally vague simply because it might have been more precise. *Rose* v. *Locke,* 423 U.S. 48, 49 (1975). The quoted language of § 26 plainly embraces conduct such as that involved in this case. Only a person who consciously endeavored to ignore the central meaning of those words would be able to say he did not know, and could not have known, that an offer of sexual favors in exchange for the purchase of alcoholic beverages was "immoral solicitation or immoral bargaining." See *Commonwealth* v. *Gallant,* 373 Mass. 577, 589-590 (1977). By her solicitation and conduct in a public place, Aristocratic's entertainer engaged in acts of prostitution. See *Commonwealth* v. *King, ante* 5, 12 (1977).

For the reasons stated earlier, we decline to invalidate G. L. c. 272, § 26, on its face. Without undertaking to define its permissible limits, we conclude that § 26 fairly applied to the conduct of Aristocratic's employee in this case.

*Judgment affirmed.*

374 Mass. 569                                                                   569

New England Tel. & Tel. Co. v. District Attorney for Norfolk District.

LIACOS, J. (concurring in part and dissenting in part). I concur in the majority's position sustaining the validity of G. L. c. 272, § 26, and the commission's Regulation 21. Thus, I join in their decision upholding the fifteen-day suspension. I dissent from their holding on the five-day suspension based on a violation of the commission's Regulation 13 for the reasons stated in my dissenting opinion in *Aristocratic (No. 1), supra* at 557. I add only that it seems to me that the majority's views here expressed are further confirmation that neither the State nor its agencies need trench on constitutional rights to effectuate valid State policies. The law is sufficiently flexible to be tailored to meet a validly perceived social need or to prohibit illegal conduct without unnecessarily infringing on constitutionally protected rights.