JOHN T. McDONALD *vs.* SUPERIOR COURT.

Berkshire.     December 13, 1937. — February 1, 1938.

Present: RUGG, C.J., LUMMUS, QUA, & COX, JJ.

*Statute,* Supersedure.     *Public Officer.     Pittsfield.     Intoxicating Liquor.*

Section 5 of G. L. c. 138, as appearing in St. 1933, c. 376, § 2, giving mayors of certain cities, including Pittsfield, power of removal of members of licensing boards, superseded the provision in Pittsfield's charter, St. 1932, c. 280, § 30, placing that power in the mayor with the approval of the city council.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Berkshire on January 21, 1937.

The case was heard by *Field*, J., who ordered the petition dismissed as a matter of law. The petitioner alleged exceptions.

*W. A. Heaphy*, for the petitioner.

*R. Clapp*, Assistant Attorney General, for the respondents.

RUGG, C.J.   This bill of exceptions relates to a petition for a writ of certiorari to quash an order made in the Superior Court affirming the removal of the petitioner as a member of the licensing board of Pittsfield by the mayor of that city acting alone.   The petitioner was appointed a member of that licensing board in April, 1933, for a term of six years.   Pursuant to charges preferred and a hearing thereon before the mayor, the petitioner was removed by the mayor under G. L. c. 138, § 5, as appearing in St. 1933, c. 376, § 2, without concurrent action by the city council. The petitioner filed a motion that the hearings and proceedings for removal be conducted under the provisions of St. 1932, c. 280, § 30, which was the city charter and which required such concurrent action.   That motion was denied. Under the provisions of said § 5 a petition for review was filed in the Superior Court, the result of which was an affirmation of the order of removal made by the mayor. Then the present petition for a writ of certiorari was brought, seeking to quash the order of the Superior Court.

It is stated in the exceptions that the single issue of law here presented challenges the right and power of the mayor to remove the petitioner as a member of the licensing board of Pittsfield arising out of the interpretation of the city charter, St. 1932, c. 280, § 30, construed in connection with G. L. c. 138, § 5, as appearing in St. 1933, c. 376, § 2. Said § 30 of the city charter of Pittsfield, St. 1932, c. 280, is in these words: "Every appointee whose appointment is made by the mayor and is subject to the confirmation of the city council, may be removed by the mayor subject to the approval of a majority of the members of the city council.   The person so removed shall receive a copy of the reasons for his removal, and he may if he desires, contest the same before the city council and may be represented by

counsel at the hearing. This act shall not authorize any action in conflict with the general laws relating to the civil service." That statute, by § 46, must have been accepted by the voters of Pittsfield at the State election held on November 8, 1932, and took effect for the nomination and election of municipal officers in the year 1933, and for all other purposes on the first Monday of January, 1934. The statute now in force authorizing and regulating the manufacture, transportation, sale, importation and exportation of alcohol and alcoholic beverages is contained in St. 1933, c. 376. That chapter was declared to be an emergency law. It was approved December 4, 1933. It was to take effect upon the adoption of the Twenty-first Amendment to the Constitution of the United States, which occurred December 5, 1933. 48 U. S. Sts. at Large, Part 2, 1749. By § 2 of said new c. 376, the General Laws were amended by striking out c. 138 and superseding that chapter by a new chapter entitled "Alcoholic Liquors." That new chapter, therefore, took effect on December 5, 1933.

The new c. 138 provided in § 4 that "In each city which is not exempt by the provisions of section ten there shall be a licensing board appointed by the mayor, consisting of three persons . . . ." Pittsfield was not one of the cities exempted by the provisions of § 10. Pittsfield had no licensing board created by or mentioned in its charter, St. 1932, c. 280, or in any special provisions of law operative in 1932. Touching the removal of such licensing board appointed by the mayor, it was provided in said new c. 138, § 5: "They may be removed by the mayor for cause, after charges preferred, reasonable notice thereof, and a hearing thereon . . . ." Said § 4 was amended by St. 1934, c. 385, § 2, so as to provide that the appointment of the members of the licensing board should be by the mayor "subject to confirmation by the board of aldermen or, if there is no such board, by the city council." No change was made in said § 5 as to removal. The said new c. 138 with §§ 4 and 5 was passed as an emergency measure at the extra session of 1933. It is not likely that it was intended that these two sections should be in conflict. When the city charter

of Pittsfield was enacted, when it was approved, and when it was accepted by the voters, the said new c. 138 in all probability could not have been even drafted. The provision of the city charter to the effect that every appointee whose appointment is made by the mayor and is subject to confirmation by the city council may be removed subject to the approval of the city council naturally applies to municipal officers. The office held by the petitioner was not a municipal but a State office. *McGinnis* v. *Medway*, 176 Mass. 67, 68. *Cook* v. *Springfield*, 184 Mass. 247, 248. The amendment of said § 4 by St. 1934, c. 385, § 2, providing that the appointment of members of the licensing board should be by the mayor subject to confirmation by the board of aldermen or, if there is no such board, by the city council, is singularly significant of a legislative purpose to make a distinction between appointment and removal. By § 5, no approval is required as to removal. The circumstances attendant upon the enactment of the new c. 138 show that it was the legislative purpose to deal with the whole liquor problem for the entire Commonwealth. It was enacted to take effect upon the repeal of the Eighteenth Amendment to the Constitution of the United States. Its manifest design was to deal with the problem of the control of intoxicating liquor as an entirety. That problem was State-wide. There was importance in uniformity in the law to govern the administration of the subject. A statute of that nature displays on its face an intent to supersede local and special laws and to repeal inconsistent special statutes. *Brown* v. *Lowell*, 8 Met. 172, 174. *Copeland* v. *Mayor & Aldermen of Springfield*, 166 Mass. 498, 504. *O'Connor* v. *Boyden*, 268 Mass. 111, 114. It has already been shown that the city charter of Pittsfield, St. 1932, c. 280, although becoming fully effective at a date later than the said new c. 138 found in St. 1933, c. 376, was enacted at an earlier date, the latter statute having been enacted and become effective in December, 1933. There is authority to the effect that a statute passed later but going into effect earlier than another statute dealing with the same subject reflects the latest

legislative intent and will prevail over the other, which was passed earlier but went into effect later. *People* v. *Wabash Railroad*, 276 Ill. 92. *Dewey* v. *Des Moines*, 101 Iowa, 416. *Dowty* v. *Pittwood*, 23 Mont. 113. *McLaughlin* v. *Newark*, 28 Vroom, 298.

The result is that the power of removal of the petitioner was vested in the mayor of Pittsfield by said new c. 138, § 5, as set out in St. 1933, c. 376, § 2. The provisions of the charter found in St. 1932, c. 280, § 30, did not limit the exercise of that power of removal. The intent of the General Court in enacting the general law governing the control of liquor upon the repeal of the national prohibition Amendment, as expressed by the enactment of said new c. 138 in St. 1933, c. 376, was to supersede the charter provisions as to removals.

No error is shown upon the record.

*Exceptions overruled.*