GREAT LAKES MOTORCYCLE DEALERS ASSOCIATION, INC v DETROIT

1. Automobiles—Motorcycles—Motor Vehicles.
   Motorcycles are motor vehicles.

2. Automobiles—Motorcycles—Exclusion—Constitutional Law.
   An ordinance which excludes all two-wheeled motor vehicles from certain streets, supposedly to eliminate excessive noise and speed, violates the constitutional rights of motorcyclists to equal protection and due process, because the excessive speed and noise are caused by improper operation of the motor vehicles, both automobiles and motorcycles; the proper solution to the problem is the enforcement of laws regulating speed and noise.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 January 10, 1972, at Detroit. (Docket No. 10870.) Decided February 24, 1972.

---

References for Points in Headnotes
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 2.
Motorcycle as within contract, statute, or ordinance in relation to motor cars, motor-driven cars, etc. 48 ALR 1090 s. 70 ALR 1253.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 7, 175.

Complaint by the Great Lakes Motorcycle Dealers Association, Inc., and others against the City of Detroit, the Commissioner of the Detroit Police Department, and the Director of Detroit Streets and Traffic Department for declaratory relief and an injunction against the erection and enforcement of signs prohibiting the operation of two-wheeled motor vehicles on certain streets on the City of Detroit. Judgment for plaintiffs. Defendants appeal. Affirmed and remanded.

*Charles P. Nugent,* for plaintiffs.

*Michael M. Glusac,* Corporation Counsel, and *Thomas H. Gallagher* and *William P. Doran,* Assistants Corporation Counsel, for defendants.

Before: V. J. BRENNAN, P. J., and QUINN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiffs brought a class action seeking a declaratory judgment and injunctive relief against the erection and enforcement of signs prohibiting the operation of two-wheeled motor vehicles on certain streets within the City of Detroit. Plaintiffs asserted that the ordinance under which such streets were closed to two-wheeled motor vehicle traffic was violative of their rights guaranteed by the equal protection, due process, and reserve powers provisions of the Michigan Constitution and the equal protection and due process provisions of the United States Constitution.[1] The trial court granted the asked for relief. From that judgment, defendants appeal.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Const 1963, art 1, §§ 2, 17, 23 US Const, Am XIV.

The facts are not materially in dispute. Over the years the number of such vehicles has very materially increased to the point where groups frequently drive on the streets with accompanying noise, much to the annoyance and discomfort of the residents. Complaints became so numerous that, beginning in 1966, the Department of Streets and Traffic began the practice of entertaining petitions requesting that motorcycles be barred from certain restricted streets. The general nature of the plan undertaken to meet this situation was set forth in defendants' brief, from which we quote:

"Procedurally each · petition for the erection of signs was checked by the Department of Streets and Traffic to determine first, that a legitimate problem existed and, second, that a majority of the residents in the affected area were in favor of the prohibition. When these two elements were found to concur, the signs were erected and a subsequent resolution was presented to the Common Council for its formal approval."

At the time that this complaint was filed, signs had been erected on approximately 237 blocks within the city.

The brief testimony offered by the plaintiffs included one retailer who claimed that his business had decreased because of the fact that his customers could not reach his garage without driving through a restricted street. Another witness stated that he could not drive to his own home and still another, a 74-year-old man who had owned and operated a motorcycle since 1922, advised the court that he now found it impossible to visit his daughter in another part of the city.

The defendants offered evidence as to the complaints regarding excessive noise and speed.

Plaintiffs concede that the defendant City of Detroit has the authority to regulate traffic upon its streets, providing that such regulation does not arbitrarily or unreasonably prohibit or restrict the use of such public ways. Therefore, the only issue before this Court is whether the ordinance herein considered is arbitrary and unreasonable in a constitutional sense.

The defendants obviously have a legitimate interest in regulating traffic flow upon its streets so as to eliminate excessive speed and noise which would be injurious to the health and safety of the general public; however, the blanket exclusion of all two-wheeled motor vehicles from the designated streets sweeps too broadly in an effort to eliminate the above-mentioned deleterious activities. While some motorcycle riders may well drive vehicles which are excessively noisy at speeds in excess of the posted limits, there is certainly no valid basis for applying the "Hell's Angels" conception of the motorcycle rider to all motorcycle users.

Motorcycles, along with automobiles, are considered to be motor vehicles. MCLA 257.31; MSA 9.1831; *Murfin v Detroit & Erin Plank-Road Co*, 113 Mich 675 (1897); *People v Smith*, 156 Mich 173 (1909). Since the problems of excessive speed and noise are not problems which relate solely to the nature and manner of operation of motorcycles, it is unreasonable and arbitrary to deny the use of the public streets to motorcycles, and yet, allow automobiles to continue to use those streets. The proper solution to the problems of excessive speed and noise is the enforcement of the speed and noise laws and ordinances.

The burden of proof of the allegation that the ordinance is arbitrary, unreasonable, and discriminatory is upon the plaintiffs. *Michigan Towing*

*Association, Inc* v *City of Detroit,* 370 Mich 440 (1963) ; *Allen* v *State Highway Commissioners,* 338 Mich 407, 413 (1953). Since the plaintiffs met that burden, the trial court properly held the ordinance to be unconstitutional and granted the requested relief.

While we appreciate the fact that the improper operation of these vehicles can result in a situation which can be most annoying to the average citizen, we cannot ignore the fundamental constitutional rights of that segment of the population which chooses to use motorcycles as their mode of transportation.

Affirmed. Remanded for execution of an order as indicated by the opinion of the trial court dated November 5, 1970. No costs, a public question being involved.

All concurred.