TOWN OF SHARON *vs.* LOUIS C. SEGAL & others.[1] March 2, 1978. The by-law which was adopted at the 1972 annual town meeting and which was thereafter approved by the Attorney General under the provisions of G. L. c. 40, § 32, reads in pertinent part as follows: "After April 1, 1973, no person shall operate a boat on Lake Massapoag powered by internal combustion engines whose total horsepower rating at time of original manufacture exceeds sixty (60) horsepower." 1. The provisions of St. 1943, c. 73, § 2, as amended by those of St. 1945, c. 503, § 2, were confined in their operation to such rules and regulations as might be adopted by the town's "board of park commissioners, or through its board of selectmen or planning board when acting as park commissioners" (see St. 1943, c. 73, § 1, as amended by St. 1945, c. 503 § 1) and, if they survived beyond the effective dates of St. 1960, c. 275, §§ 2 and 4 (a question which we need not and do not decide), they had no application whatsoever to a by-law such as the present which was adopted by the town meeting, which fell within the general purview of G. L. c. 40, § 21 (1) (see *West Roxbury* v. *Stoddard*, 7 Allen 158, 170-171, 172 [1863]), and which was expressly authorized by the second sentence of G. L. c. 131, § 45, inserted by St. 1971, c. 498. 2. As the quoted portion of the by-law did not purport to "authorize" anything, there was no occasion to comply with any of the "approval" provisions which were originally found in the second sentence of G. L. c. 131, § 45, as appearing in St. 1967, c. 802, § 1, and which, following the effective date of St. 1971, c. 498, and until 1975 were found in the third sentence of said § 45. 3. If the amendment of said third sentence which appears in St. 1975, c. 147, has any vitality in view of the subsequent passage of St. 1975, c. 706, § 251 (see *McDonald* v. *Superior Court*, 299 Mass. 321, 324-325 [1938]), there is nothing to suggest that that amendment was intended to have any retrospective effect. 4. When we study the explicit provisions of the second and third sentences of G. L. c. 131, § 45, as they read in 1972, in conjunction with the earlier enacted and somewhat general provisions of G. L. c. 90B, §§ 11(*k*) and (*n*) and 15(*b*) and (*c*), as they read in 1972, we conclude that there was room for the town to adopt a by-law such as the one in question which would not require approval under said § 15(*c*). Compare *Commonwealth* v. *Baronas*, 285 Mass. 321, 322-333 (1934); *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 134-136 (1949); *Brown* v. *Carlisle*, 336 Mass. 147, 150-151 (1957). See also Rep. A. G., Pub. Doc. No. 12, at 91 (1973). 5. No other question has been argued within the meaning of Mass.R.A.P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*

*Marshall Medoff* for Louis C. Segal.
*Manuel Katz* for the town of Sharon.