CHARLES N. ROGERS *vs.* TOWN OF PROVINCETOWN.

Barnstable.  April 6, 1981. — July 28, 1981.

Present: HENNESSEY, C.J., BRAUCHER, LIACOS, ABRAMS, & NOLAN, JJ.

*Constitutional Law,* Home Rule Amendment. *Municipal Corporations,*
By-laws and ordinances. *Motor Vehicle,* Moped.

A municipal by-law prohibiting rental of motorized bicycles was inconsis-
tent with G. L. c. 90, § 1B, providing that every person operating a
motorized bicycle "shall have the right to use any public ways in the
commonwealth." [180-183]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 24, 1979.

The case was heard by *Keating,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Duane P. Landreth* for the defendant.

*Paul V. Benatti (Edward E. Veara* with him) for the
plaintiff.

HENNESSEY, C.J.  This case presents the question whether
a by-law of the town of Provincetown, regulating the rental
of mopeds,[1] conflicts with G. L. c. 90, § 1B, inserted by
St. 1976, c. 261, § 4, which states, in pertinent part, that
"[e]very person operating a motorized bicycle upon a way
shall have the right to use any public ways in the common-
wealth . . . ."  The judge below held that the by-law did

---

[1] General Laws c. 90, § 1, inserted by St. 1976, c. 261, § 2, defines
"motorized bicycle," commonly referred to as a moped, as: "[A] pedal
bicycle which has a helper motor rated no more than 1.5 brake horse-
power, a cylinder capacity not exceeding fifty cubic centimeters, an auto-
matic transmission, and which is capable of a maximum design speed of
no more than twenty-five miles per hour."

conflict with the statute and therefore invalidated the by-law. We affirm.

The case was submitted on a statement of agreed facts which establishes the following. Beginning in April, 1977, a business owned by Charles N. Rogers was conducted upon commercially-zoned property on Commercial Street in Provincetown. This business consisted of selling, repairing, renting and leasing mopeds and of selling parts for mopeds to members of the general public. The business was conducted during the summer season of 1977 and the extended summer season of 1978, the last day of operation being sometime in November, 1978. At a special town meeting of the town of Provincetown held on November 13, 1978, the following by-law was adopted by the voters: "No person shall rent, hire or offer to rent or hire any motorcycle, motorbike, moped, motorized bicycle, motor scooter, or similar transport in the Town of Provincetown. For purposes of this section, the term 'rent' shall mean to grant the use, possession or enjoyment of property for agreed time in return for an agreed payment." The penalty for violating the by-law is a fine of up to $50. The plaintiff filed this action on August 24, 1979, claiming that the by-law was, in effect, a zoning by-law and that his business was a preexisting nonconforming use protected under G. L. c. 40A. Cf. *Rayco Inv. Corp.* v. *Selectmen of Raynham*, 368 Mass. 385 (1975). Provincetown moved to dismiss under Mass. R. Civ. P. 12 (b)(6), 365 Mass. 754 (1974). The Superior Court judge, finding a conflict between G. L. c. 90, § 1B, and the by-law, declined to reach the zoning question and resolved the matter in favor of Rogers.

Provincetown cites G. L. c. 40, § 21 (1), and the Home Rule Amendment to the Massachusetts Constitution as authorizing the enactment of the by-law.[2] Neither § 21 nor

[2] Provincetown states that it also relies on G. L. c. 40, § 22. However, even assuming that § 22 (regulating carriages and taxicabs) authorizes the enactment of by-laws which conflict with other statutes and further assuming that moped rentals fall within the ambit of § 22, there are other defects in the by-law. The record discloses no newspaper publication —

the Home Rule Amendment, however, will stand as authority for the town's enactment of a by-law which is inconsistent with State law. The primary question then reappears — is the by-law inconsistent with State law? "As a general proposition the cases dealing with the repugnancy or inconsistency of local regulations with State statutes have given considerable latitude to municipalities, requiring a sharp conflict between the local and State provisions before the local regulation has been held invalid." *Bloom* v. *Worcester,* 363 Mass. 136, 154 (1973). The sharp conflict necessary to repugnancy "appears when either the legislative intent to preclude local action is clear, or, absent plain expression of such intent, the purpose of the statute cannot be achieved in the face of the local by-law." *Grace* v. *Brookline,* 379 Mass. 43, 54 (1979). In the case at bar, the purpose of G. L. c. 90, § 1B, cannot be achieved in the face of the Provincetown by-law.

We begin by noting the purpose of the by-law. As was clearly and repeatedly stated in the town discussion preceding the enactment and was candidly stated by counsel for Provincetown at oral argument, the purpose of this by-law is effectively to eliminate access of tourists[3] to mopeds. General Laws c. 90, § 1B, as viewed by the town, does not guarantee a right of *access* to mopeds; it merely states that those who possess a moped may not be prevented from operating it on the public way. This is an unduly narrow reading of the statute, however.

The town does not claim to find anything objectionable in the rental transaction per se, nor do we see anything noxious in this otherwise legitimate business. It is rather the

---

expressly required before such a by-law becomes operative — and the penalty for violating the by-law is $50, more than twice the $20 maximum established by § 22 as it read at the time the by-law was enacted.

[3] Nonresidents of the town who wish to ride mopeds must purchase their mopeds in Provincetown, or purchase or rent their moped elsewhere and *transport* it to Provincetown; town residents, of course, need not import their (nonrented) mopeds. No argument has been made concerning the unequal impact of the by-law on residents and nonresidents.

results of the rental transaction — moped riders on the public ways — that Provincetown sees as undesirable. Yet this end result which Provincetown disfavors is only the utilization of precisely that privilege which is conferred upon all properly licensed members of the general public by G. L. c. 90, § 1B. The Provincetown by-law, in its result, has burdened the right to operate a moped by adding the additional necessary, although indirect, requirement that those wishing to use a moped in the town must purchase one or rent it outside of Provincetown and transport it into the town. The right conferred by the Legislature has not been so conditioned in the statute, and we think that Provincetown cannot add these additional requirements by by-law any more than it could, for example, impose additional licensing requirements or prohibit the sale of fuel to mopeds within the town. The by-law frustrates the rights immanent in the statute and, at least in so far as a large segment of the general public in Provincetown is concerned, effectively overrules § 1B. Provincetown's argument that the by-law is consistent with the statute, moreover, rings hollow upon the realization that, under the express terms of the by-law, a moped *operator* is subject to a $50 fine if he has "hired" the moped. These local restrictions invade too deeply the privilege contained in G. L. c. 90, § 1B, and the by-law must therefore be invalidated. *Bloom* v. *Worcester,* 363 Mass. 136, 155-157 (1973). Provincetown cannot achieve indirectly that which it is forbidden to achieve directly.

We do not doubt that Provincetown's problems under G. L. c. 90, § 1B, — "joyriding moped riders," as the town phrases it — amount to a public inconvenience and may be a unique hazard in a congested resort area, especially during the summer season. However, Provincetown has shown that it is not without means to deal effectively with such problems within the bounds of law. See, e.g., St. 1977, c. 419, §§ 1, 2, which enables Provincetown to regulate bicycle traffic in contradiction to State law. Cf. *Great Lakes Motorcycle Dealers Ass'n* v. *Detroit,* 38 Mich App.

564, 567 (1972) ("The proper solution to the problems of excessive speed and noise is the enforcement of the speed and noise laws and ordinances"). We hold today, though, that Provincetown has arrogated to itself the denial of a privilege conferred upon members of the general public by the Legislature in G. L. c. 90, § 1B. Since the by-law and statute are inconsistent, the by-law must yield. Accordingly, the judgment of the Superior Court is affirmed.

*So ordered.*