AMERICAN MOTORCYCLIST ASSOCIATION & another[1] *vs.*
PARK COMMISSION OF BROCKTON.

Plymouth. February 6, 1992. - June 5, 1992.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Motorcycle. Moped. Regulation. Parks and Parkways. Administrative Law*, Regulations. *Municipal Corporations*, Park commissioners. *Statute*, General law.

A municipal park commission's regulation prohibiting the operation of motorcycles and mopeds on the roadways within a certain park directly conflicted with the statutory right to operate motor vehicles on the ways of the Commonwealth, as established by the Legislature in G. L. c. 90, and was invalid. [755-758]

CIVIL ACTION commenced in the Superior Court Department on September 30, 1987.

The case was heard by *John M. Xifaras*, J., on a statement of agreed facts, and a motion for relief from judgment was also heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Donald A. Harwood* for the plaintiffs.

*Ilene B. Belinsky* for the defendant.

LIACOS, C.J. This case concerns the adoption by the park commission of Brockton (commission) of a regulation banning the use of motorized cycles on roadways and other areas under the commission's jurisdiction.[2] On September 30, 1987, the American Motorcyclist Association and James Slade (plaintiffs) filed a complaint against the commission

---

[1]James Slade, a resident of Brockton. The American Motorcyclist Association is a nonprofit organization whose members share an interest in the operation of motorcycles.

[2]The relevant portions of the regulation read as follows:

seeking both an injunction against the commission's enforcement of the regulation and a declaration that the regulation was unconstitutional. A judge in the Superior Court entered judgment in favor of the commission on August 19, 1988, and the Appeals Court affirmed on August 5, 1991. 31 Mass. App. Ct. 149 (1991). We granted the plaintiffs' application for further appellate review. On appeal, the plaintiffs argue that the regulation conflicts with G. L. c. 90 (1990 ed.), and that it violates their State and Federal constitutional rights to due process and to equal protection of the laws.[3] We hold that the regulation does conflict with the statutory right to operate motor vehicles on the ways of the Commonwealth, as established by the Legislature in G. L. c. 90. Thus, we need not consider the constitutional claims.

1. *Facts.* The parties submitted the case on a statement of agreed facts that establishes the following. D.W., Field Park is a 650 acre park in Brockton with six lakes, an eighteen-hole municipal golf course, and approximately six miles of roadways. The park roads are not public ways, but the public does have a right of access to them. The roads are winding, are twenty feet wide, and are for one-way traffic. They are divided in half by a solid line, with one half for use by jog-

---

"2a. No person shall operate any motorized two wheeled cycle, such as a moped or motorcycle, on the roadways and/or within D.W. Field Park.

"2b. No person shall operate any two, three or four [wheeled] motorized cycle on any property under the jurisdiction of the Park Commission."

[3]Following entry of judgment in the Superior Court, the plaintiffs filed a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (1) and (6), 365 Mass. 828 (1974). They argued that the judge had misinterpreted their statutory and constitutional rights. The judge denied the motion, and the plaintiffs appealed. The Appeals Court consolidated this appeal with the plaintiffs' appeal from the original judgment (31 Mass. App. Ct. 149, 150 [1991]); it affirmed both the judgment and the denial of the rule 60 (b) motion.

Although the plaintiffs did not raise their statutory argument in their initial complaint, they did so in their motion, and the issue was decided by the motion judge. The commission has not argued that the issue was not properly raised. The Appeals Court considered the argument, and so shall we.

gers, walkers, and bicyclists, and the other half designated for motor vehicles. The commission has banned commercial vehicles from the roads since the 1950's. It closes the park at night, and in the past it has closed the roads in the park "during peak times in the warm weather when traffic is heaviest."

In May, 1984, due to complaints from citizens concerning the speed, noise, and congregation of motorcycles, the commission began studying the idea of prohibiting the use of motorized cycles in city parks.[4] Public hearings were held and traffic studies were conducted, and, on May 19, 1987, the commission adopted the regulation at issue. The plaintiffs' challenge to the regulation focuses on D.W. Field Park and, more specifically, on the roadways therein, but the ban also applies to other parks that do not contain roadways.

2. *The regulation and G. L. c. 90.* The plaintiffs argue that the regulation is inconsistent with a statutory right to operate a motor vehicle on the ways of the Commonwealth. See G. L. c. 90, § 1. They assert further that the commission's regulatory authority, see G. L. c. 45, § 5 (1990 ed.),[5] does not authorize it to adopt a regulation that conflicts with State law. Such conflict, they argue, renders a regulation invalid. We agree.

The commission may not adopt regulations that conflict with State law. Despite the Legislature's grant to park commissions of the power to "make rules for [the] use and gov-

---

[4]Although the regulation treats motorcycles and mopeds in the same way (see note 2, *supra*), the Legislature has defined and treated them in different terms. See, e.g., G. L. c. 90, § 1 (terms defined); § 1B (motorized bicycles); § 7J (motorcycle handlebars); §§ 7S-7U (motorcycle sound emissions).

[5]Boards of park commissioners "may lay out and improve public parks, make rules for their use and government, appoint all necessary engineers, surveyors, clerks and other officers, including a police force to act in such parks, define their powers and duties and fix their compensation and do all acts needful for the proper execution of their powers and duties." G. L. c. 45, § 5. We note also that park commissioners may prohibit the use of ways in a park by motor vehicles, may regulate their speed, and may make regulations governing the use and operation of motor vehicles on parkways. See G. L. c. 90, § 18. See also G. L. c. 40, § 22 (1990 ed.).

ernment" of public parks, see G. L. c. 45, § 5, the commission is nonetheless a municipal department of the city of Brockton. See *Kaczmarski* v. *Mayor of Springfield*, 346 Mass. 432, 433-434 (1963).[6] See also *Higginson* v. *Treasurer & School House Comm'rs of Boston*, 212 Mass. 583, 585, 587 (1912) (park commission a part of city and subject to Legislature's control). Municipalities may not adopt by-laws or ordinances that are inconsistent with State law, see § 6 of art. 89 of the Amendments to the Constitution of the Commonwealth (Home Rule Amendment); G. L. c. 40, § 21 (1990 ed.); G. L. c. 43B, § 13 (1990 ed.), and municipal departments are equally constrained.[7] "As a general proposition the cases dealing with the repugnancy or inconsistency of local regulations with State statutes have given considerable latitude to municipalities, requiring a sharp conflict between the local and State provisions before the local regulation has been held invalid." *Bloom* v. *Worcester*, 363 Mass. 136, 154 (1973).[8] A "sharp conflict" exists when a local regulation is "facially inconsistent" with State law. See *Del Duca* v. *Town Adm'r of Methuen*, 368 Mass. 1, 9 (1975).

The regulation at issue is inconsistent with the statutory right to operate a motor vehicle. General Laws c. 90 contains a comprehensive scheme for the regulation of motor vehicles

---

[6]The Appeals Court held, 31 Mass. App. Ct. at 152, that, due to the specific grant of power in G. L. c. 45, § 5, the commission was not bound by the statutes and cases prohibiting municipalities from enacting laws that are inconsistent with State law. We disagree. The commission is a municipal entity regardless of the fact that its powers are provided separately from those of cities in general. See *Kaczmarski* v. *Mayor of Springfield*, 346 Mass. 432, 434 (1963) ("It is not significant that the provisions as to parks are in a separate chapter").

[7]Although § 6 of the Home Rule Amendment and G. L. c. 43B, § 13, refer to "inconsistent" local regulation, while G. L. c. 40, § 21, refers to local regulations "repugnant to law," the interpretation of these provisions has been essentially identical. See *Bloom* v. *Worcester*, 363 Mass. 136, 152-153 n.11 (1973).

[8]"[A] sharp conflict appears when either the legislative intent to preclude local action is clear, or, absent plain expression of such intent, the purpose of the statute cannot be achieved in the face of the local by-law." *Grace* v. *Brookline*, 379 Mass. 43, 54 (1979).

and the operation thereof. In § 1 of the chapter, the Legislature defines the "[r]ight to operate" as "the privilege of operating motor vehicles on the ways of the commonwealth conferred by a license issued under section eight, a learner's permit issued under section eight B, or by reciprocity to nonresidents under sections three and ten."[9] Section 8B provides that a learner's permit entitles the holder "to drive a motor vehicle upon any way" under the conditions therein specified. While G. L. c. 90, § 18, gives park commissioners the right to regulate the use and operation of motor vehicles, or to ban them entirely, it does not allow the selection of a particular class, e.g., motorcycles, for prohibition. We read c. 90 as a whole to establish that those who fulfil the requirements of § 8 or §§ 3 and 10 also have a right to operate on the ways of the Commonwealth, including ways under the jurisdiction of park commissioners. See, e.g., *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Comm'n*, 394 Mass. 233, 240 (1985), and cases cited. The regulation at issue prohibits the use of motorcycles on the ways under the jurisdiction of the commission. It therefore directly conflicts with G. L. c. 90, and is invalid. See *Del Duca, supra.*

Our analysis of the regulation's prohibition of motorcycles applies to mopeds as well. Their use is regulated by G. L. c. 90, § 1B, which allows operation on a way "as defined in section one." Thus, the power of the commissioners to proscribe mopeds is similarly constrained. In any event, the regulation does not consist of separate sections of independent force pertaining to mopeds and motorcycles. Thus, the possibility of severing a moped provision from the remainder of the regulation does not exist. Cf. *Del Duca, supra* at 13. The regulation prohibits the use of all two, three, and four-wheeled motorized cycles, categories specifically including motorcycles. Without ignoring the plain language of the regulation — which we shall not do — we can only read the

---

[9]The term "[m]otor vehicles" encòmpasses motorcycles, but it does not include motorized bicycles (mopeds). G. L. c. 90, § 1.

The term "[w]ay" includes, inter alia, a "way under control of park commissioners or body having like powers." G. L. c. 90, § 1.

regulation as a whole to be inconsistent with G. L. c. 90. This inconsistency renders the regulation invalid. Because we hold that the regulation is invalid on statutory grounds, we need not consider the constitutional challenges raised by the plaintiffs.

3. *Conclusion.* The judgment of the Superior Court is reversed. The case is remanded to the Superior Court for entry of declaratory and injunctive relief consistent with our holding.

*So ordered.*